LAW OFFICES
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

**MEMO ENDORSED**

July 16, 2013

**VIA PRIORITY MAIL**
The Honorable Judge Karas
United States District Court for the Southern District of New York
300 Quarropas Street
Chambers 533
White Plains, New York 10601

        Re:   *Mureen Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*
              **Case No. 7:13-cv-4829-KMK**

Dear Judge Karas,

      I represent the plaintiff in the above-referenced matter, and am writing to request a pre-motion conference regarding plaintiff's anticipated motion for class certification and motion to enter and continue plaintiff's motion for class certification.

      Plaintiff requests leave of court to file her motion for class certification, and memorandum in support of class certification in order to avoid having the class claims mooted by a Rule 68 Offer of Judgment or other tender, and because of the decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). While there are contrary cases, the Supreme Court declined to resolve the issue in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), and the class needs to be protected.

      Plaintiff's motion for class certification seeks to certify a class, defined as (a) all natural persons with New York addresses (b) who were sent a letter in the form represented by <u>Exhibit A</u> (c) addressed to the same address as that of the mortgaged property (d) on or after July 11, 2012, and (e) on or before July 31, 2013.

      Plaintiff requests leave of court to file her motion and incorporated memorandum to enter and continue plaintiff's motion for class certification because defendant McCabe, Weisberg & Conway, P.C. has not yet appeared.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

*Defendant is to respond to this Letter by August 5, 2013.*

*So ordered.*

*[signature]*
*7/30/13*

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on July 16, 2013, a true and accurate copy of the foregoing document was sent to Judge Karas via Priority Mail. I further certify that the foregoing document will be sent via U.S. Mail to:

McCabe, Weisberg & Conway, P.C.
145 Huguenot Street
New Rochelle, NY 10801

s/Tiffany N. Hardy
Tiffany N. Hardy

# EXHIBIT A

**REDACTED**

TERRENCE J McCABE
MARC S WEISBERG
EDWARD D CONWAY
MARGARET GAIRO
LISA C WALLACE
LAURA H G O'SULLIVAN
JANET Z CHARLTON
GAYL C SPIVAK
JASON E BROOKS
ANDREW L MARKOWITZ
MICHAEL T CANTRELL
JOSEPH F RIGA
CAROL POULOS CORR
HEIDI R SPIVAK
COLIN AARON
DIANA C THEOLOGOU
MARISA J COHEN
MARK COLAB
ADAM T LAMBERTO NELLI
MELISSA A SPOSATO
BRIAN T LAMANNA
CORRIS M CLEMENT
ANNE SWARTZ
LEIH ANN B ADAMS
MATTHEW E RUSSELL
ERIN M PEADY
LAURA T CURRY
ANTOINETTE N MOORE
KEVIN J MCQUAIL
ALEXANDRA T GARCIA
CHARLES A HIGGS
MICHAEL T RIZEA
JONATHAN ELEFANT
LAURA L LAITA
ABLA H MOUSSHAN
JUSTINE L GRAHAM
JEFFRA G ENGELSSEN
STACY ANN BULLEN
JOSE O HASBUN
JONATHAN POLLACK
RICHARD J SUZOR JR
LUCAS M ANDERSON
DANIEL FANASELLE
ARI DAVID JENNINGS
MEGAN R STERBACK
JOSEPH I FOLEY

## LAW OFFICES
## McCABE, WEISBERG & CONWAY, P.C.
SUITE 210
145 HUGUENOT STREET
NEW ROCHELLE, NY 10801
(914)-636-8900
GENERAL FAX (914) 656-8901
MEDIATION ONLY FAX (914) 819-5505

SUITE 1400
123 SOUTH BROAD STREET
PHILADELPHIA, PA 19109
(215) 790-1010
FAX (215) 790-1274

SUITE 303
216 HADDON AVENUE
WESTMONT, NJ 08108
(856) 858-7040
FAX (856) 858-7020

SUITE 600
7 CENTERSHALL AVENUE
LAUREL, MD 20707
(301) 596-1196
FAX (301) 596-1706

SUITE 201
4035 UNIVERSITY DRIVE
FAIRFAX, VA 22030
Main 3554577

SUITE 170
3 BRIXTON FARMS ROAD
STAMFORD CT 06903
(203) 569-6240
FAX (203) 569-4372

SUITE 130
DELAWARE CORPORATE CENTER I
ONE RIGHTER PARKWAY
WILMINGTON, DELAWARE 19803
(302) 356-9552
FAX (302) 356-9534

January 28, 2013

## VIA FIRST CLASS MAIL

Mureen Jones-bartley

Loan No.:     5471
Original Mortgagee: Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc.

Dear Mureen Jones-bartley:

As counsel to your mortgagee, we advise that in view of your failure to make your payments when due, the mortgagee has elected to and herewith elects to declare the entire principal balance of the loan due and payable.

Accordingly, demand is hereby made for the amount due calculated as follows:

Total principal due as of the date of this notice     $462,634.03

In addition, you are responsible for all costs and disbursements permitted by law. Call this office for exact figures before remitting a certified check for the amount due. In addition, you may want to contact your lender to discuss and determine if you may be eligible for possible loss mitigation options including: Forbearance, Deed In Lieu of Foreclosure, Reinstatement, Loan Modification, and Restructure.

REDACTED

Despite our demand for payment, if any portion of this claim is disputed, you are to notify this office within 30 days, indicating the nature of the dispute as to the amount due or any part thereof. Absent receipt of such notice we will assume the debt to be valid as stated in this letter. If you send notice of a dispute in writing, within 30 days, we will provide you with the evidence concerning the validity of the debt.

Upon your written request sent within the 30-day period, we shall provide you with the name and address of the original creditor if different from the current creditor.

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

Very respectfully,

Megan R. Sterback

REDACTED

Validation of Debt Notice

Pursuant to the Fair Debt Collection Practice Act (FDCPA) (15 USC 1692), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector, (2) if the consumer sends notice the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a Judgment against the consumer and copy of such verification or Judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written request, sent by consumer within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The law office of McCABE, WEISBERG AND CONWAY, P.C. is acting as a debt collector, pursuant to the FDCPA. THIS NOTICE AND LETTER ARE AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. The Federal Trade Commission has ruled that the FDCPA does not preclude the institution of legal action prior to the expiration of the thirty day period. However, any such legal action shall not prejudice the debtor's rights under the FDCPA including but not limited to the debtor's right (1) to send notice of a dispute as to the validity of the debt within 30 days of receipt of this notice; (2) to receive verification of the debt after sending written notice disputing the debt or any portion thereof within 30 days of receipt of this notice; (3) to request the name and address of the original creditor, if different from the current creditor, after written request to debt collect sent within 30 days of receipt of this notice.

Acceptance of funds and reinstatement of the mortgage are both subject to verification by my client. Please note that I may be instructed to proceed with foreclosure and fees, costs and/or advances by the mortgagee may be due in addition to the sum quoted above.

Please further note that any funds tendered will be subject to verification and correctness before the matter is concluded. Please feel free to contact this office upon receipt of this notice should you have any questions or concerns.

Date: January 28, 2013

Megan R. Sterback, Esquire
McCabe, Weisberg & Conway,
145 Huguenot Street, Suite 210
New Rochelle, New York 10801
(914) 636-8900