**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MUREEN JONES-BARTLEY, on behalf of plaintiff and a class, | ) ) ) | 1:13-cv-4829-KMK |
| Plaintiff, | ) ) | Judge Kenneth M. Karas |
| vs. | ) ) ) ) | PETITION FOR, AND MEMORANDUM IN SUPPORT OF, AWARD OF CLASS COUNSEL'S FEES AND COSTS |
| MCCABE, WEISBERG & CONWAY, P.C. | ) ) | |
| Defendant. | ) | |

Plaintiff, Mureen Jones-Bartley, brought this action on July 11, 2013, claiming Defendant

McCabe, Weisberg & Conway, P.C had sent a collection letter to Plaintiff, containing four separate

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). On

November 15, 2013, Defendant filed a motion to dismiss the complaint pursuant to Rules 12(b)(1)

and (b)(6) of the Federal Rules of Civil Procedure (ECF No. 25.) On November 6, 2014, the Court

denied Defendant's Rule 12(b)(1) motion and granted Defendant's Rule 12(b)(6) motion with

respect to one claimed FDCPA violation. (ECF No. 30.)

Subsequently, the parties engaged in discovery and then, ultimately, settled this matter on

a class basis. Under the Settlement, Defendant agreed to pay the following amounts:

1. $108,792.77 to the Class, to be distributed *pro rata* to each Class member who

submitted a timely claim;

2. $2,000.00 to Plaintiff for her statutory damages and her services to the Class;

3. $13,150.00 for notice and administration costs;

4. $50,000.00 to Class Counsel for attorneys' fees and costs.

1

On September 16, 2016, the Court gave preliminary approval to the settlement and appointed Edelman, Combs, Latturner & Goodwin, LLC and Kleinman, LLC as Class Counsel. (ECF No. 74.) Class Counsel now petition the Court for an award of $50,000 pursuant to the Settlement.

## ARGUMENT

### I.        Class Counsel's Petition For $50,000 In Fees And Costs Is Fair And Reasonable

Class Counsel's petition for an award of $50,000 in attorneys' fees and costs is fair and reasonable as they have incurred fees and costs in excess of $50,000 in prosecuting this case. The FDCPA provides that any debt collector who violates the FDCPA is liable to a successful plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs".)  The fees and costs incurred by Class Counsel in litigating this case were incurred in the course of performing the following tasks:

> **A.        Pre-Complaint Legal and Factual Investigation**. Class Counsel began conducting a factual and legal investigation of Plaintiff's claims in 2013. This investigation included an analysis of applicable federal and New York statutes, regulations, and case law, as well as the elements and potential defenses for each of the proposed claims. Once the initial factual and legal research had been completed, Class Counsel drafted, prepared, and filed the Complaint as well as drafted a preliminary motion for Class Certification and a supporting Memorandum. Class Counsel communicated with Plaintiff prior to and subsequent to the inception of the case.

> **B**.        **Pleadings**.  On August 15, 2013, Defendant purported to propound an individual offer of judgment on Plaintiff in an effort to moot her individual claims and to disqualify her from acting as a representative of the Class. This resulted in a number of filings (ECF Nos. 10, 13, 14, 15, 16, 17 and 29) and requests for pre-motion conferences by each party in an effort to address the effects of the purported individual offer of judgment. On October 15, 2013, the Court held a pre-motion conference in which a briefing schedule was set on Defendant's Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motions to dismiss. The Court subsequently denied Defendant's Rule 12(b)(1) motion and granted Defendant's Rule 12(b)(6) motion with respect to one of the four claimed violations of the FDCPA.

**C.      Pre-Trial Proceedings**. Following the Court's ruling, the parties engaged in discovery and the briefing of Plaintiff's motion for class certification. Discovery was contentious, resulting in extensive correspondence between the parties, numerous Rule 37 conferences, and motions and requests for conferences with the Court (Dkt Nos. 37 and 40). Discovery disclosed an additional FDCPA violation, leading Plaintiff to request a pre-motion conference for leave to file an amended complaint.

**D.      Settlement**. Subsequent to the briefing on Plaintiff's motion for class certification but before the Court had ruled on the motion, Defendant made an offer of judgment which included compensation for the Class as well as Plaintiff. Settlement negotiations followed, resulting in the present settlement.  Plaintiff's counsel communicated with her throughout the parties' settlement negotiations.

In light of the results achieved for the Class members, and the time and difficulty in achieving those results, an award of $50,000 to Class Counsel is fair and reasonable.

**II.      Class Counsel's Attorneys' Fees And Costs Are Fair And Reasonable Viewed In Terms Of Their Lodestar Or As A Percentage Of The Recovery**

The Court may evaluate the appropriateness of Class Counsel's fee request using either the lodestar method or the percentage of the recovery method. *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "Factors relevant to a determination of the reasonable fee under both the lodestar and percentage of recovery methods include: (1) the time and labor expended by counsel; (2) the size and complexity of the matter; (3) the risks involved in the litigation; (4) the quality of representation; (5) the relationship between the requested fee and the settlement; and (6) considerations of public policy." *In re Eastman Kodak Erisa Litig.*, No. 12-CV-6051L, 2016 WL 5746664, at *2 (W.D.N.Y. Oct. 4, 2016) (The *Goldberger* factors). The Second Circuit has held that attorney's fees may be determined using the lodestar or the percentage of recovery methods in a common fund case.  *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).  Under either method, Class Counsel's petition for $50,000 is fair and reasonable.

### 1.    The Lodestar Method

In the Second Circuit, an attorney's lodestar—the product of a reasonable hourly rate and a reasonable number of hours expended on the case—"creates a presumptively reasonable fee." *Douyon v. NY Medical Healthcare P.C.*, 49 F. Supp.3d 328, 336 (E.D. N.Y. 2014); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (district court should consider various factors in determining reasonableness of hourly rate). "A party that secured a fund for the benefit of others, in addition to himself, may recover his costs, including his attorney's fees from the fund itself or directly from the other parties enjoying the benefit." *Parker v. Time Warner Entertainment Co., L.P.*, 631 F.Supp.2d 242 (E.D.N.Y. 2009).

Here, as set forth in the attached declaration of Tiffany Hardy including the billing records of both Class Counsel, Edelman Combs Latturner & Goodwin, LLC and Abraham Kleinman, Class Counsel's lodestar as of the date of the filing of this petition exceeds $50,000. (Exhibit 1). Class Counsel's lodestar, which is based on hourly rates of between $325 and $700, and the reasonable expenditure of 173 hours to date on the case, is $57,477.50.  Class Counsel will incur additional time and expenses on the case, including the time spent drafting and filing the final approval memorandum, traveling and appearing at the final approval hearing, and answering Class member calls after they receive their settlement checks. Under the circumstances, Class Counsel's request for $50,000 is fair and reasonable.

### 2.    The Percentage of the Recovery Method

In the Second Circuit, courts typically award between 20 and 50 percent of the common fund to Class counsel for their fees and costs. *In re Eastman Kodak Erisa Litig.*, 2016 WL 5746664, at *3. Here, $50,000 is less than 29% of the total settlement amount of $173,942.77.

This is less than the 33.33% which is the normal rate of compensation in the market for contingency fee agreements.

The attorney's fees requested is reasonable under both the percentage and the lodestar method which examined in light of the *Goldberger* factors set forth below:

The first factor is the time and labor expended by counsel.  Here, class counsel has expended significant time and labor in litigating this case for the past three year.  Class counsel has expended a combined 173 hours litigating this case to date.  This does not include additional time that will be expended in connection attending the fairness hearing and responding to class member's inquiries. The amount of the fee award is less than class counsel's actual time expended. As such the fee request of $50,000 is fair and reasonable.

The second factor is the size and complexity of the matter.  This action was commenced by plaintiff wherein she alleged various violations of the FDCPA on behalf of herself and a class of 5,518 persons.  The size and complexity of the case is evident by the amount of effort defendant expended trying to obtain an individual settlement of this case by serving plaintiff with an offer of judgment at the outset of the action, and continuing to serve offers of judgment after the case survived defendant's 12(b)(1) motion to dismiss. Moreover, the very nature of class actions involves a level of complexity that is not present in individual actions. Thus, this action is sufficiently complex to warrant a fee award of $50,000.

The third factor considers the risks involved in the litigation. Here, the claims were brought pursuant to FDCPA, which is fee-shifting statute. As such, if the claims are unsuccessful, class counsel bears the risk of not being compensated at all.  Class counsel filed the action and litigated this case for approximately three years without compensation and without any assurance of future compensation.

The fourth factor is the quality of the representation. Class counsel has extensive experience in litigating consumer class actions. Additionally, in this case, once class counsel became aware of a clerical error made by defendant in calculating the class size following this Court granting preliminary approval, Class Counsel first advised the Court of the error and renegotiated the settlement to ensure that the class members were not prejudiced by the error. Class Counsel has diligently represented the interests of the plaintiff and the class members in this case in ensuring the maximum recovery. Class counsel's skill and experience was demonstrated throughout the litigation through the pleadings and briefs submitted to the Court.

The fifth factor examines the relationship between the fee request and the settlement. Here the fee requested is less than 29% of the total settlement amount.  However, in FDCPA cases, it is not unusual or improper for a fee award to be disproportionate to the settlement amount.

The sixth factor examines the considerations of public policy. Here, the is strong public policy in favor of private litigants pursuing class actions to enforce the rights of class members under the FDCPA.  "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms", *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and congress has determined that the public as a whole has an interest in the vindication of the statutory rights. *Id.*

**III.    Class Counsel's Fee Award is Reasonable in light of the Class Members Recovery**

The Settlement Agreement provides for the establishment of a Class Fund of $108,792.77 of which each class member who submits a valid claim form will receive a pro rata share. The class consists of 5,518[1] persons.  If all of the Class members return claim forms, which is highly

---

[1] The settlement was previously based on a class size of 4,124 wherein if each class member submitted a claim form each class member would receive $18.91.  If 10%-20% of class members submitted a claim form each would

unlikely, each claimant will receive approximately $19.71.  However, Class Counsel expects that

between 10%-20% of the Class members will return a claim form, meaning that each claimant will

likely receive between $98.57 and $197.15.  This recovery is reasonable for an alleged letter

violation. *See Bourlas v. Davis Law Associates*, 237 F.R.D. 345 (E.D.N.Y. 2006), *Reade-Alvarez*

*v. Eltman, Eltman & Cooper, P.C*. 237 F.R.D. 26 (E.D.N.Y.  2006); and *Ayzelman v. Statewide*

*Credit Service Corp*., 238 F.R.D. 358 (E.D.N.Y.  2006).

Because the FDCPA limits the recovery to the class to $500,000.00 or 1% of the

Defendant's net worth, courts have routinely rejected the notion that an attorneys fee award

should be proportional to the class recovery.  In *Douyon v. NY Medical Healthcare P.C*., 49 F.

Supp.3d 328 (EDNY 2014), plaintiff settled his individual FDCPA claim for $1,050.00 and

plaintiff's counsel petitioned the court for $188,126.00 in attorneys' fees pursuant to the fee-

shifting provision of 15 U.S.C §1692k. The *Douyon* court declined to reduce plaintiff's counsel's

attorneys' fees to an amount proportionate with the award of statutory damages under the

FDCPA.

Here class counsel has provided a significant benefit to the class members for FDCPA

violations of which many of the class members didn't know existed.

Based on the foregoing the award of $50,000.00 in attorney's fees under the settlement

agreement is fair and reasonable to the class.

## IV.    Common Fund Method of Attorneys Fees Calculation Includes Benefits to the Class

Courts have held that when calculating a percentage of the common fund for purposing of

calculating an attorney's fee, it is appropriate to consider the total class benefit, including class

administration costs.  "Ordinarily in common fund cases, attorneys' fees under the percentage of

---

receive between $94.57 and $189.14.  The increased amount of the settlement fund resulted in an increased recovery per class member.

the fund method are expressed as a fraction of a common fund from which payment to claimants,

***the costs of administration of the settlement***,. . . and plaintiff's incentive awards are drawn."

*Parker v. Time Warner Entertainment Co., L.P.*, 631 F. Supp.2d 242 (E.D.N.Y. 2009)(emphasis

added).

## V.    Conclusion

In conclusion, the fee award of $50,000.00 is fair and reasonable under the lodestar method

of calculation and the percentage of the fund method of calculation. As such the Court should

approve the fee award for plaintiff of $50,000.00.

Respectfully submitted,

*s/ Tiffany N. Hardy*
Tiffany N. Hardy, Esq.
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile:  (312) 419-0379
E-Mail:  thardy@edcombs.com

Abraham Kleinman
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
FAX: (888) 522-1692

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on January 13, 2017, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

Candidus K. Dougherty
cdougherty@swartzcampbell.com

Edmund Kean John
ejohn@swartzcampbell.com

Abraham Kleinman
akleinman@kleinmanllc.com

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
20 S. Clark St. Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)